IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BRIAN K. BUB,

                Plaintiff,                OPINION AND ORDER

v.

                                       09-cv-773-wmc

MARINE TECH, LLC,

                Defendant.

---

In this civil action brought under the Jones Act, 46 U.S.C. §§ 30101-06, and general maritime law, plaintiff Brian K. Bub alleges that defendant Marine Tech, LLC is liable for the injuries Bub suffered while working on the dredge barge, "Dean R. Smith," on June 4, 2008. Defendant filed a motion to dismiss (dkt. #6), in which it contends that Bub's claim for additional penalties, damages, punitive damages, attorney's fees and prejudgment interest "in the event" defendant refuses to provide plaintiff with appropriate maintenance and cure benefits should be dismissed or striken from the complaint because it is not ripe. In addition to his response to defendant's motion, plaintiff has filed a motion asking the court to permit him to include facts not alleged in the complaint. Dkt. #15. For the reasons below, defendant's motion will be granted in part and denied in part and plaintiff's motion will be denied. Plaintiff, however, will have an opportunity to amend his complaint to correct his failure to state a breach claim.

Defendant's request to "strike" portions of the complaint is misplaced. Under Fed. R. Civ. P. 12(f) a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Defendant's contention that the breach of maintenance and cure claim is not ripe simply does not fit under any of the items listed

under Rule 12(f). Therefore, the claim will not be striken.

Where defendant has footing is in Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." The complaint contains only one allegation about breach of maintenance and cure:

> 22. In the event Marine Tech, LLC refuses to provide appropriate maintenance and cure benefits, then Bub seeks additional penalties, damages, punitive damages, and attorney fees for such failure and refusal of Marine Tech LLC to continue and/or re-institute maintenance and cure benefits, and for damages caused by such failure.

Compl., dkt. #1, at 7 ¶22. Defendant contends that this allegation does not state a claim ripe for determination because it is contingent on a hypothetical, future event, that being defendant's possible breach of its duty to pay maintenance and cure benefits.

Plaintiff's motion to permit recitation of facts beyond the complaint implicitly acknowledges that his complaint lacks allegations sufficient to state a breach of maintenance and cure claim. Dkt. #15 (motion's purpose is "for the Court to understand the factual background surrounding the filing of the complaint and the allegations therein"). Plaintiff further acknowledges the contingent nature of the breach claim in arguing that just because defendant "*might* compound an already accrued cause of action does not negate what has transpired thus far." Pl.'s Br., dkt. #17, at 4 (emphasis added).

Because the "in the event" allegation is the only allegation concerning breach of maintenance and cure benefits, the breach claim is not ripe. *Evers v. Astrue*, 536 F.3d 651, 662 (7th Cir. 2008) (quoting *Texas v. United States*, 523 U.S. 296, 300 (1998) (internal quotation omitted)) (because it "rests upon 'contingent future events that may not occur as

anticipated, or indeed may not occur at all'"). Furthermore, plaintiff is not entitled to seek relief associated with that claim (i.e., plaintiff's request for "penalties, attorney fees, and/or punitive damages for arbitrary refusal to provide [maintenance and cure] benefits"). Compl., dkt. #1, at 8 ¶3.

While plaintiff's complaint does not contain allegations supporting a ripe claim for breach of maintenance and cure benefits, plaintiff asserts there are facts to support such a claim in his motion to include additional facts outside the complaint. Defendant disagrees. Until plaintiff actually amends his complaint to include these additional facts, deciding whether they are sufficient to state a claim would be advisory. To insure fairness to both parties, plaintiff will have an opportunity to file an amended complaint that complies with Rules 8 and 11 by including the additional, relevant facts necessary to raise his right to relief on a breach of maintenance and cure benefits claim above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 550 (2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-53 (2009). If after reading the allegations of the amended complaint defendant still believes plaintiff has failed to state a breach of maintenance and cure benefits claim, defendant may renew it's motion to dismiss. Because plaintiff will have an opportunity to amend his complaint, there is no need to consider facts outside of his original complaint in deciding defendant's motion to dismiss and his motion asking as much will be denied.

ORDER

IT IS ORDERED that:

3

(1) Defendant's motion to dismiss plaintiff's complaint (dkt. #6) is GRANTED to the extent that plaintiff's claim and prayer for relief for breach of maintenance and cure benefits is unripe.

(2) Plaintiff's breach of maintenance and cure benefits claim, as alleged in paragraph 22 of his complaint, is DISMISSED without prejudice. Plaintiff may have until June 7, 2010, to file an amended complaint in this case properly alleging such a claim.

(3) Plaintiff's motion to permit recitation of facts beyond the complaint (dkt. #15) is DENIED.

Entered this 20th day of May, 2010.

                                      BY THE COURT:

                                      /s/

                                      _____
                                      WILLIAM M. CONLEY
                                      District Judge